Dear Mr. Manuel:
You have requested an opinion regarding both 42 U.S.C. § 1395dd, the Emergency Medical Treatment and Active Labor Act (EMTALA) and LA R.S. 9:2793, "Gratuitous service at scene of emergency; limitation on liability."
Question No. 1
Does 42 U.S.C. § 1395dd apply to W. O. Moss Regional Hospital, a hospital in the State Charity Hospital System which has no emergency department?
It is the opinion of this office that the requirements of42 U.S.C. § 1395dd do not apply to W.O. Moss Regional Hospital as long as the hospital has no emergency department.
The Emergency Medical Treatment and Active Labor Act (EMTALA), found at 42 U.S.C. § 1395dd, was enacted by Congress in order to prevent patient "dumping", the practice of refusing to treat, or to immediately transfer an emergency patient or a woman in active labor to another hospital for lack of insurance or ability, to pay. See Preventing Patient Dumping: Sharpening the Cobra's Fangs. 61 N.Y.U.L. Rev. 1186 (1986).
However, it is this office's opinion that 42 U.S.C. § 1395dd does not apply to hospitals without emergency rooms or facilities. Part "a" of the act provides ". . . the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department . . .".
Subsequent sections of the act only speak in terms of "the hospital shall."
Further understanding of this act can be found by reviewing the legislative history. The legislative history was discussed in part in the case of Thornton v. Southwest Detroit Hosp.,895 F.2d 1131 (6th Cir. 1990). Here the Court referred to House Report No. 241 (I), 99th Cong. 1st Sess. 27, reprinted in 1986 U.S. Code Cong. Admin. News 42, 605. "The House Committee on Ways and Means reported as follows:"
 The Committee is greatly concerned about the increasing number of reports that hospital emergency rooms are refusing to accept or treat patients with emergency conditions if the patient does not have medical insurance.
A discussion of EMTALA by the House Judiciary Committee, can be found in House Report No. 241 (III), 99th Cong. 1st Sess. 6, reprinted in 1986 U.S. Code Cong. Admin. News, 42, 726-727.
 In recent years there has been a growing concern about the provision of adequate emergency room services to individuals who seek care, particularly as to the indigent and uninsured. Although at least 22 states have enacted statutes or issued regulations requiring the provision of limited medical services whenever an emergency situation exists, and despite the fact that many state court rulings impose a common law duty on doctors and hospitals to provide necessary emergency care, some are convinced that the problem needs to be addressed by federal sanctions. . . . The Judiciary Committee shares the concern of The Ways and Means Committee that appropriate emergency room care be provided to patients faced with medical emergencies and active labor.
From this review of the legislative intent on EMTALA it is evident that Congress intended to prevent hospitals from turning away either emergency patients or women in active labor from hospital emergency rooms. Indeed, it could possibly be more harmful to the patient to attempt to treat a patient at a hospital without adequate emergency facilities. EMTALA does not apply to a hospital that does not have an emergency room.
Question Number 2
Are individuals who provide gratuitous emergency care liable for civil damages?
Individuals who provide gratuitous emergency care, first aid or rescue at the scene of an accident are immune from any civil liability by LA R.S. 9:2793. This immunity does not apply where there is a business relationship between the individual receiving aid and the individual rendering aid.
In regard to medical professionals there is no direct mention of the applicability of LA R.S. 9:2793 to them. However, as the policy intended to be fostered by La. R.S. 9:2793 is to encourage individuals to render aid it would be a contradiction to not extend this immunity to medical professionals, the most qualified group to render aid. See Attorney General Opinion No. 77-537.
If this office may be of any further assistance, please call on us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT L. COCO Staff Attorney
RPI/RLC:mnt